IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS W. HODGE, *et al.*, | * | |
| Plaintiffs/Substitute Trustees, | * | Civil Action No. 8:24-cv-980-PX |
| v. | * | |
| ESTATE OF OLAN THOMAS, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' motion to remand this foreclosure action to the Circuit Court for Prince George's County. ECF No. 13. The motion is fully briefed, and no hearing is necessary. D. Md. Loc. R. 105.6. Because Defendant's removal is untimely, the motion to remand is GRANTED.

On May 3, 2006, Olan Thomas ("Mr. Thomas") secured a mortgage loan on his property at 903 Sero Estates Drive, Fort Washington, Maryland 20744 (the "Property"). ECF No. 13-1 at 1–4. On January 8, 2019, after Mr. Thomas allegedly fell behind on his mortgage payments, the Substitute Trustees[1] initiated the foreclosure action, *Thomas W. Hodge, et al. v. Olan Thomas*, No. CAEF19-00059, in the Circuit Court for Prince George's County. ECF No. 1-5 at 1–2.

Shortly after the action began, the matter was placed on multiple loss mitigation holds and was also subject to the COVID-19 moratorium on foreclosures. *See* ECF No. 13 at 3. Mr. Thomas also passed away during this time, and Angela Ivey Thomas ("Ms. Thomas") was appointed as the Personal Representative of Mr. Thomas' estate. ECF No. 13-3. Ms. Thomas thereafter litigated this matter on behalf of the estate.

---

[1] HSBC Bank USA, N.A. appointed Thomas W. Hodge, Gene Jung, Robert M. Oliveri, and Christine Johnson as the Substitute Trustees. *See* ECF No. 13-2 at 9–12.

After the moratorium was lifted, the parties participated in foreclosure mediation on December 8, 2022, but did not reach an agreement. ECF No. 1-1 at 1. The foreclosure action was once again placed under multiple loss mitigation holds but without successful resolution. *See* ECF No. 13 at 4.

On January 18, 2024, the Circuit Court permitted the Substitute Trustees to schedule the foreclosure sale of the Property. ECF No. 1-2. The parties engaged in prolonged litigation for the two months. *See* ECF Nos. 1-1, 1-3 & 1-4. Ultimately, the Property was sold to Venus Home, LLC on March 25, 2024. *See* ECF No. 13 at 5.

With the state foreclosure action near its end, Ms. Thomas noted removal of the case to this Court, on April 4, 2024, broadly alleging as the basis for removal a "violation of civil and constitutional rights" that "give[s] rise to federal subject matter jurisdiction." ECF No. 1. The Substitute Trustees moved to remand, primarily arguing that Ms. Thomas' removal was untimely. *See* ECF No. 13 at 7–8. Although the Court sees no basis to invoke federal question jurisdiction, the matter will be remanded for lack of timely notice alone. *See Link Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) ("If a defendant does not comply with the thirty-day removal period set forth in [28 U.S.C.] § 1446(b), then the court does not need to address the substantive grounds for removal.").

State actions that originally could have been brought in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Section 1446 expressly requires that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §

1446(b)(1); *see also Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997). Failure to comply with Section 1446 requires "immediately remanding a removed case to state court." *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998).

This foreclosure action began in Circuit Court over five years ago. *See* ECF No. 1-5 at 1–2. Even discounting the time that Ms. Thomas, as the personal representative, was not the real party in interest, once served with notice of the action, Ms. Thomas still waited well beyond the 30-day removal period to note removal of the case. *See* ECF No. 1. Clearly, Ms. Thomas has failed to comply with Section 1446 and so, remand is warranted.

Based on the foregoing, it is this 29th day of July 2024, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to remand (ECF No. 13) filed by Substitute Trustees Thomas W. Hodge, Gene Jung, Robert M. Oliveri, and Christine Johnson is GRANTED;

2. The Clerk SHALL REMAND this action to the Circuit Court for Prince George's County, Maryland, for further proceedings;

3. The Clerk shall TRANSMIT and MAIL copies of this Order to the parties and the Clerk of the Court for the Circuit Court for Prince George's County, Maryland and

4. CLOSE this case.

July 29, 2024  
Date

/s/  
Paula Xinis  
United States District Judge